MR. JUSTICE WEBER,
dissenting:
In substance the majority concludes that it is fair to distribute the property equally to all eight grandchildren so that no grandchild obtains a greater share than any other. That is an attractive analysis. However, it does not address directly the contradictions in language contained in the will.
In pertinent part, the will provides:
“All of the rest, residue and remainder of my estate ... I give to my grandchildren, Richard M. Geary, Joyce M. Scott, Robert T. Geary, Elaine M. Olsen, Joan C. Smith, Daniel C. Geary, Thomas S. Kovatch and James P. Kovatch, in equal shares, per stirpes and not per capita.”
The majority concludes that this provision indicates a clear intent that the grandchildren take in their own right and not by any representation through their living parents, who are the daughters of the deceased. I do not believe that conclusion can be drawn from the wording itself.
The majority does not discuss the definition of the words “per capita.” 4 W. Bowe and D. Parker, Page on the Law of Wills 36.6, at 556 states:
“A distribution per capita is an equal division of the property to be divided among the beneficiaries, each receiving the same share as each of the others, without reference to the immediate course of descent from the ancestor. A distribution per capita is an equal division among the beneficiaries, each receiving the same share as the others.”
It is important to note that a distribution “per capita” is an equal division among the named parties. As a result the words “not per *98 capita” as used in the will clearly indicates that the devise is not to be in equal shares to all eight grandchildren.
The will provision states that the testatrix gives the property in equal shares, per stirpes. Under the definition of per stirpes contained in the majority opinion, that is the same as stating that she gives to her grandchildren, with one-half in equal shares to the children of her daughter Lois, and the remaining one-half in equal shares to the children of her daughter Meryl. That interpretation is consistent with the words “not per capita,” which in substance means that the property is not to go in equal shares to all eight grandchildren.
My conclusion is that the quoted will provision provides a per stirpes distribution under which one-half would go to six of the children, equally, and the remaining one-half would go to two of the children, equally.
Considering the other provisions of the will as well, I conclude that the quoted clause is contradictory or at least ambiguous, and that additional evidence should be obtained to determine the intent of the testatrix. I would remand the cause to the District Court for further proceedings to establish such intent.